GINSBURG, Circuit Judge,
with whom
Circuit Judge ROGERS joins, concurring in the judgment:
I join Part I of Judge Kavanaugh’s opinion concurring in the judgment because the plaintiffs have not alleged a non-frivolous cause of action; I write separately to make an additional point about the opinion for the Court. That opinion expands the political question doctrine well beyond the bounds delineated in Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), and the Court’s need to consider whether application of the political question doctrine in a statutory case threatens the separation of powers arises only because of that unwarranted expansion.
The Court today expands the political question doctrine by reading into several of our recent cases something of a new political decision doctrine. On that approach, we are first to identify some “conduct” or “decision” (the opinion alternates) constitutionally committed to the Executive and then to ask whether the plaintiffs “claim[ ] ... call[s] into question,” “require[s] the court to reassess,” or is “inextricably intertwined with” that Executive conduct or decision. Op. at 842, 843, 846. If so, then the claim is non-justiciable, regardless whether the court would actually have to decide a political question in order to resolve it.
The Court’s approach departs sharply from that prescribed in Baker v. Carr, which calls for a “discriminating inquiry into the precise facts and posture of the particular case” in order to detect “a political question’s presence,” 369 U.S. at 217, 82 S.Ct. 691; unless there is such a question and it is “inextricable from the case at bar,” id., then we are to decide it, even if “our decision may have significant political overtones.” Japan Whaling Ass’n v. Am. Cetacean Soc., 478 U.S. 221, 230, 106 S.Ct. 2860, 92 L.Ed.2d 166 (1986); see also Campbell v. Clinton, 203 F.3d 19, 40 (D.C.Cir.2000) (Tatel, J., concurring) (“Resolving the issue in this case would require us to decide not whether the air campaign was wise ... but whether the President possessed legal authority to conduct the military operation”). The innovation adopted by the Court contravenes the Supreme Court’s teaching that “[t]he doctrine of which we treat is one of political questions,’ not one of political cases.’ ” Baker, 369 U.S. at 217, 82 S.Ct. 691.
If the Court today followed Baker v. Carr, then there would be no occasion to consider whether the application of the political question doctrine in a statutory case threatens the separation of powers by, as Judge Kavanaugh says, “systematically favor[ing] the Executive Branch over the Legislative Branch,” Op. at 857. Under Baker v. Carr a statutory case generally does not present a non-justiciable political question because “the interpretation of legislation is a recurring and accepted task for the federal courts.’” Id. at 856 (quoting Japan Whaling, 478 U.S. at 230, 106 S.Ct. 2860). For rare exceptions in which a statute called for a decision constitutionally committed to the President and hence not subject to judicial review, see Chicago & Southern Air Lines v. Water *852 man Steamship Corp., 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568 (1948), and People’s Mojahedin Org. of Iran v. U.S. Dep’t of State, 182 F.3d 17, 23 (D.C.Cir.1999) (“Of the three findings mandated by [the Statute, Secretary of State’s finding that an organization’s terrorist activity threatens national security] ... is nonjusticiable”).
Under the Court’s new political decision doctrine, however, even a straightforward statutory case, presenting a purely legal question, is non-justiciable if deciding it could merely reflect adversely upon a decision constitutionally committed to the President. Compare, e.g., Zivotofsky v. Sec’y of State, 571 F.3d 1227, 1234-35 (2009) (Edwards, J., concurring) (“The Secretary’s first argument — that Zivotofsky’s claim is a nonjusticiable political question — is specious.... These questions involve commonplace issues of statutory and constitutional interpretation, and they are plainly matters for the court to decide.”) with id. at 1232 (Griffith, J., for the court) (plaintiff “invites the courts to call into question the President’s exercise of the recognition power. This we cannot do. We therefore hold [his statutory] claim presents a nonjusticiable political question because it trenches upon the President’s constitutionally committed recognition power.”). As Judge Kavanaugh notes, such a holding “sub silentio expand[s] executive power [at the expense of the legislature].” Op. at 857. The result of staying the judicial hand is to upset rather than to preserve the constitutional allocation of powers between the executive and the legislature.